# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9167 | **DATE** | 7/26/2002 |
| **CASE TITLE** | USA ex rel. Antwaun Cubie vs. Jonathan R. Walls, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's petition for a writ of habeas corpus is denied. Judgment is entered in favor of Respondent Jonathan Walls and against Petitioner Antwaun Cubie. This case is hereby dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | JUL 29 2002 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| | | date mailed notice |
| RO | courtroom deputy's initials | |
| | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ANTWAUN CUBIE, | ) ) ) | |
| Petitioner, | ) ) | No. 01 C 9167 |
| v. | ) ) ) | Judge Ruben Castillo |
| JONATHAN R. WALLS, Warden, Menard Correctional Facility, | ) ) ) | |
| Respondent. | ) ) | |

DOCKETED JUL 2 9 2002

## MEMORANDUM OPINION AND ORDER

Antwaun Cubie petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Cubie was convicted in state court of first degree murder and armed robbery and was sentenced to life in prison and thirty years, to be served concurrently. Cubie claims that he is entitled to habeas corpus relief because: (1) his defense counsel rendered ineffective assistance when neither he nor his expert witness understood the legal standard for insanity in Illinois; and (2) his defense counsel rendered ineffective assistance when he moved to suppress Cubie's inculpatory statements at mid-trial rather than before trial. After careful review, we deny Cubie's habeas corpus petition. (R. 1-1.)

## RELEVANT FACTS

When considering a habeas corpus petition, the Court presumes that the factual determinations of the state court are correct. 28 U.S.C. § 2254(e)(1). Accordingly, we adopt the facts as set forth by the Illinois Appellate Court in *People v. Cubie*, No. 1-99-2283 (Ill. App. Ct. January 26, 2001).

On June 1, 1996, the police apprehended Cubie. Cubie was subsequently charged with

the first degree murder and armed robbery of Jeremy Bruder. At the police station, Cubie offered three conflicting statements of what occurred the night he was arrested. In the most inculpatory of the three statements, Cubie indicated that he knew Bruder was carrying $1,100 and decided to steal the money. Cubie drove Bruder to an alley, demanded the money and shot him four times.

Before the trial started, the court ordered Cubie to undergo several fitness evaluations. In September 1996, a psychiatrist found Cubie unfit to stand trial. Two months later, the same psychiatrist reported to the court that, in his opinion, Cubie was legally sane at the time of the crime. Two additional evaluations, one in November 1996 and another in February 1997, also found Cubie unfit to stand trial. A final fitness evaluation in May 1997 indicated that Cubie was feigning mental illness and was fit to stand trial.

At trial, after the State introduced testimony by several witnesses and police officers, defense counsel moved to suppress the inculpatory statement his client made at the police station. Defense counsel argued that Cubie was insane at the time the statement was made. The State objected, noting that defense counsel had not filed a pre-trial motion to suppress. Moreover, the State argued that Cubie's pre-trial unfitness was irrelevant to Cubie's state of mind at the time the inculpatory statement was made. The trial court rejected defense counsel's motion to suppress because it was untimely filed.

After the State presented its case, Douglas Foster, a psychiatrist licensed in Michigan but not in Illinois, testified for the defense. Foster indicated that after examining Cubie for two hours, he concluded that Cubie was legally insane at the time of the shooting. During cross-examination, however, Foster testified that he did not know the definition of insanity under Illinois law. The trial record demonstrated that defense counsel was also unaware of the standard

needed to show insanity under Illinois law. In the State's rebuttal case, Dr. Roni Seltzberg testified that he reviewed Cubie's medical records and concluded that Cubie was legally sane at the time of the shooting. After all evidence had been presented, the jury found Cubie guilty of first degree murder and armed robbery. The trial court sentenced him to life in prison and thirty years, to be served concurrently.

On direct appeal to the Illinois Appellate Court, Cubie argued that: (1) his attorney rendered ineffective assistance when neither he nor his expert witness understood the legal standard for insanity in Illinois; (2) his attorney rendered ineffective assistance when he did not move to suppress Cubie's inculpatory statement before trial; and (3) his attorney rendered ineffective assistance when he did not move to suppress evidence and quash his arrest for lack of probable cause. On January 26, 2001, the Appellate Court affirmed Cubie's conviction and sentence. *Cubie*, No. 1-99-2283. The Appellate Court concluded that: (1) while defense counsel's performance fell below an objective standard of reasonableness, defendant failed to show that absent the attorney's actions the verdict would have been different, given that the jury was properly instructed on insanity and that the State's expert witness testified that Cubie was legally sane at the time of the shooting; (2) defense counsel's failure to file a motion to suppress was not ineffective assistance because the motion would have been unsuccessful, given that the court was aware that Cubie was feigning mental illness and that the prior evaluations that Cubie was unfit were excluded; and (3) similar to the previous claim, defense counsel's failure to file a motion to quash arrest and suppress evidence was not ineffective assistance because the police had probable cause to arrest Cubie. *Id.* Subsequently, Cubie filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on June 6, 2001. *People v. Cubie*, 754 N.E.2d.

1288 (Ill. 2001).

On November 29, 2001, Cubie petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Cubie claims that: (1) his defense counsel rendered ineffective assistance when neither he nor his expert witness understood the legal standard for insanity in Illinois; and (2) his defense counsel rendered ineffective assistance when he moved to suppress Cubie's inculpatory statements at mid-trial rather than before trial. (R. 1-1, Habeas Pet. at 5.)

## HABEAS CORPUS STANDARDS

Federal courts may grant a writ of habeas corpus when a person is held in custody pursuant to a state court judgment in violation of the United States Constitution. 28 U.S.C. § 2254. Before a federal court will consider the merits of a habeas corpus petition, the petitioner must: (1) exhaust all remedies available in state courts, 28 U.S.C. § 2254(b)(1)(A); and (2) fairly present any federal claims to the state courts first, or risk procedural default, *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Verdin v. O'Leary*, 972 F.2d 1467, 1472-73 (7th Cir. 1992). If the petitioner fails to overcome these two procedural hurdles, the habeas petition is barred. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995).

The standard of review for claims that survive the exhaustion and procedural default analysis is strict. Under the Antiterrorism and Effective Death Penalty Act of 1996, Cubie cannot obtain habeas relief unless he establishes that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1)-(2). In other words, this Court will not evaluate Cubie's

4

claim *de novo*. Rather, we analyze whether the Illinois Appellate Court's decision reasonably applied Supreme Court precedent to the facts of Cubie's case. A state court has reasonably applied Supreme Court case law if its application is "at least minimally consistent with the facts and circumstances of the case." *Spreitzer v. Peters*, 114 F.3d 1435, 1442 (7th Cir. 1997). Under this limited analysis, the state court's decision must stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 749 (7th Cir. 1997).

## ANALYSIS

### I. Ineffective Assistance of Counsel Claim with Respect to the Insanity Defense[1]

First, Cubie claims that his counsel provided ineffective assistance when neither he nor his expert witness understood the legal standard for insanity in Illinois. The State argues that Cubie failed to show that the outcome of the trial would have been different but for his defense counsel's unreasonable representation.

The seminal case for assessing claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). To state a valid claim under *Strickland*, Cubie must establish that: (1) his defense counsel's performance was objectively unreasonable; and (2) but for his defense counsel's deficient representation, the outcome would have been different. *Id.* at 687-88. "Both components are necessary; the lack of either is fatal." *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996). Moreover, there is a strong presumption that a criminal defendant's counsel

---

[1] Respondent concedes that Cubie exhausted his state remedies. (R. 12-1, Answer to Habeas Pet. ¶ 8.) Furthermore, Cubie fairly presented his ineffective assistance of counsel claims to the Illinois state courts. Cubie's briefs to the Appellate Court and to the Illinois Supreme Court fairly alerted the state courts to the constitutional grounds of his claims by citing to relevant Supreme Court case law. *Contra Snyder v. Sternes*, 201 F.Supp.2d 853 (N.D. Ill. 2002). Because Cubie's petition is not procedurally defaulted, we now turn to the merits of the claims.

5

rendered assistance falling within an objective standard of reasonableness. *Mason v. Godinez*, 47 F.3d 852, 855 (7th Cir. 1995).

While we agree that defense counsel's performance was objectively unreasonable, we do not agree that but for the counsel's deficient representation the outcome would have been different. As the Appellate Court noted, defense counsel did not present to the jury an incorrect legal standard; he did not present a standard at all. *People v. Cubie*, No. 1-99-2283 at 11. The State, on the other hand, presented the correct legal standard and expert witness testimony that Cubie was legally sane at the time of the shooting. *Id.* Viewing this evidence in the light most favorable to the prosecution, the jury could have simply concluded that Cubie did not meet the legal standard for insanity. *See U.S. v. Cooks*, 359 F.2d 772, 773 (7th Cir. 1966) (concluding that because establishing the credibility of an expert witness is a matter of fact, the jury may accept the testimony of one expert over that of another). Cubie has not presented any evidence or argument indicating why we should rule that the outcome of the case would have been different but for defense counsel's deficient representation. Therefore, because Cubie fails to meet the second prong of the *Strickland* test, we deny his petition seeking habeas relief on his first ineffective assistance of counsel claim.

## II. Ineffective Assistance of Counsel Claim with Respect to the Motion to Suppress

Second, Cubie asserts that defense counsel provided ineffective assistance when he moved to suppress Cubie's inculpatory statements at mid-trial rather than before trial. The State argues that because the motion to suppress would have been futile if filed before trial, there is no claim of ineffective assistance of counsel.

The Supreme Court instructs that when a claim of ineffective counsel involves a motion

to suppress, the petitioner must show that: (1) he would have prevailed on the motion; and (2) the exclusion of the evidence would have affected the outcome of the trial. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Petitioner must show that both prongs are met. *See Mason*, 47 F.3d at 855. In the instant case, Cubie's claim fails at the first step because he does not show that he would have prevailed on the motion. As the Appellate Court noted, a fitness evaluation indicated that Cubie was feigning mental illness. Furthermore, a ruling by the trial court excluded any testimony or comment related to Cubie's prior unfitness to stand trial. *People v. Cubie*, No. 1-99-2283 at 13. Based on those facts, the Appellate Court concluded that it would have been unlikely that the trial court would have granted a motion to suppress based upon Cubie's mental state at the time of the shooting. *Id.* Cubie does not point to any evidence suggesting that the trial court would have granted the motion to suppress if it had been raised in a timely fashion. As such, Cubie fails to establish ineffective assistance of counsel on his second claim.

## CONCLUSION

For the reasons set forth above, the Court denies Cubie's petition for a writ of habeas corpus. (R. 1-1.) The Clerk of the Court is instructed to enter judgment pursuant to Federal Rule of Civil Procedure 58 in favor of Respondent Jonathan Walls and against Petition Antwaun Cubie.

ENTERED:

*[signature]*

Judge Ruben Castillo
United States District Court

Dated: July 26, 2002